ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT

2007 FEB -6  P 2:00

CLERK
S.D. DIST. OF GA.

| | |
|---|---|
| ANTONIO DEMETRIUS STANLEY,         ) | |
| )  | |
| Plaintiff,                         ) | |
| )  | |
| v.                                 ) | CV 306-098 |
| )  | |
| MICHAEL A. MORRISON, Clerk of      ) | |
| Court, Superior Court of Wheeler County, ) | |
| )  | |
| Defendant.                         ) | |

___

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

___

Plaintiff, an inmate currently confined at Wheeler Correctional Facility in Alamo, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. As Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

### I. BACKGROUND

In his complaint, Plaintiff states that Defendant's refusal to file Plaintiff's application for a writ of mandamus-nisi, which was directed to Defendant, denied him his constitutional

rights to access the courts, due process, and equal protection of the law. (Doc. no. 1, p. 5). Specifically, Plaintiff states that he had previously written a letter to the Honorable H. Frederick Mullis, Jr., Superior Court Judge, stating his objections to Defendant freezing Plaintiff's prison account in August 2004, in the amount of $100.00, and in July 2006, in the amount of $258.50, for expenses incurred in filing and appealing his state habeas corpus action. (Id. at 5-7). When Plaintiff did not receive a response from Judge Mullis, he submitted the above-noted application for a writ of mandamus-nisi, which he claims was received by the Wheeler County Superior Court in October 2006. (Id. at 5). When Defendant failed to return a filed copy of the application within a reasonable time, Plaintiff inquired into its status. (Id.). Plaintiff assumes that because he was not informed of any deficiencies in his application, Defendant "simply refuse[d] to file an action that lists him as the defendant." (Id. at 6). Plaintiff also appears to state that he filed his application in order to unfreeze his account for the $258.50 and obtain repayment of the "illegally collected" $100.00 filing fees. (Id. at 7).

## II. DISCUSSION

### A.   Access to Courts

First, Plaintiff's denial-of-access-to-the-courts claim does not form the basis for relief. The Court recognizes that the First Amendment safeguards the right "to petition the Government for a redress of grievances." U.S. Const. amend. I. To that end, the Supreme Court has held that inmates must be provided "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Lewis v. Casey, 518 U.S. 343, 351 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 825 (1977)). However, to

state a viable denial-of-access-to-the-courts claim, a plaintiff must plead and prove actual injury to existing or contemplated litigation of nonfrivolous (and therefore viable) claims challenging the plaintiff's sentence or conditions of confinement. Id. at 349-55. The Eleventh Circuit has clarified the requirements for pursuing a denial-of-access-to-the-courts claim:

> [A] plaintiff first must show actual injury before seeking relief. . . . This essential standing requirement means that [the defendant's] actions that allegedly violate[d] [a plaintiff's] right of access to the courts must have impeded the [plaintiff's] pursuit of a nonfrivolous, post-conviction claim or civil rights action. To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of [the defendant].

Wilson v. Blankenship, 163 F.3d 1284, 1290-91 (11th Cir. 1998) (citations omitted).

Here, although Plaintiff has provided evidence that he was denied permission to file an application for a writ of mandamus-nisi, he has not demonstrated that his application involved the pursuit of a nonfrivolous, post-conviction claim or civil rights action. Plaintiff asserts that he filed his application for a writ of mandamus-nisi in an effort to unfreeze his account for the $258.50 in filing fees and to obtain repayment of the "illegally collected" $100.00 in filing fees. However, under O. C. G. A. § 42-12-7.1(3), once a prisoner has filed a petition for habeas corpus, (1) the prisoner's inmate account is immediately frozen, and (2) it is ordered that "all moneys deposited into the prisoner's inmate account be forwarded to the clerk until all court costs and fees are satisfied, whereupon the freezing of the account shall be terminated." Therefore, Defendant had the authority to freeze Plaintiff's account and collect the fees required for filing a habeas action. Accordingly, Plaintiff has failed to allege

that Defendant's action impeded his pursuit of a nonfrivolous, post-conviction claim or civil rights action, and Plaintiff's claim should be **DISMISSED**.

**B.     Due Process**

Plaintiff's claim that he has been denied due process is likewise meritless. When a court is presented with a procedural due process claim, the threshold inquiry is whether the injury claimed is a deprivation of the plaintiff's "life, liberty, or property." U.S. Const. amend. XIV; Kirby v. Siegelman, 195 F.3d 1285, 1290 (11th Cir. 1999) (*per curiam*). A § 1983 claim alleging a denial of procedural due process also requires proof of two additional elements: (1) state action, and (2) a constitutionally-inadequate process. Arrington v. Helms, 438 F.3d 1336, 1347 (11th Cir.) (citation omitted), *reh'g en banc denied*, 179 Fed. App. 685 (Apr. 11, 2006). As for the element of process, at a minimum, "the Due Process Clause requires notice and the opportunity to be heard incident to the deprivation of . . . property . . . ." Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003) (citation omitted).

Here, Plaintiff's allegation concerns money, which is a property interest that is protected by procedural due process. See Bd. of Regents v. Roth, 408 U.S. 564, 571-72 (1972) (noting that "the property interests protected by procedural due process extend well beyond actual ownership of real estate, chattels, or money"). However, Plaintiff fails to allege facts demonstrating that Defendant, or his colleagues, failed to follow the proper procedures for freezing his prison account and collecting the filing fees in his state habeas action. Instead, Plaintiff only asserts that the actions of freezing his inmate account and collecting the filing fees for his state habeas action are unconstitutional. As Plaintiff has not alleged facts that Defendant followed a constitutionally-inadequate process when exercising

4

the statutory authority to freeze Plaintiff's prison account, Plaintiff has not stated a valid due process claim. Accordingly, Plaintiff's due process claim should be **DISMISSED**.

**C.     Equal Protection**

Finally, Plaintiff's Equal Protection claim also fails. To state a valid Equal Protection claim, a prisoner must show: (1) that he has been treated differently from other "similarly situated" inmates, and (2) that this discriminatory treatment is based upon a constitutionally impermissible basis, such as race. Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (*per curiam*). Here, Plaintiff has failed to allege facts that satisfy either of these requirements. At best, Plaintiff states that "Defendant has charged [numerous] other inmates for filing state habeas corpus actions and appealing habeas rulings." (Doc. no. 1, p. 7). This statement is insufficient to meet the first requirement that he show that he was treated differently than other similarly situated individuals. Likewise the statement also fails to satisfy the requirement that Plaintiff allege that any discriminatory conduct was based on an impermissible basis, such as race. Therefore, Plaintiff's Equal Protection claim should be **DISMISSED**.[1]

---

[1] All of Plaintiff's claims appear to also be barred because they are based upon a theory of respondeat superior. In the Eleventh Circuit, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted). Because it is widely understood that the actual Clerk of Court would not personally perform day-to-day filing tasks, it appears that Plaintiff is suing Defendant by virtue of his supervisory position over the office responsible for filing cases and collecting the appropriate filing fees. See, e.g., Adams v. Pucinski, No. 02 C 1230, 2002 WL 31497340, at *3 (N.D. Ill. Nov. 8, 2002) (rejecting alleged liability of clerk of court for failing to notify litigant of court rulings where "it is highly doubtful whether she (the Clerk of Court) personally would have seen or responded to routine requests by a litigant for case information."). Plaintiff also fails to allege a "causal connection" between Defendant and the asserted constitutional violations, as Plaintiff failed to allege that

### III. CONCLUSION

In sum, as Plaintiff has failed to state a claim upon which relief can be granted, the Court **REPORTS** and **RECOMMENDS** that the complaint be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 6th day of February, 2007, at Augusta, Georgia.

*[signature]*
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

Defendant was made aware of and refused to correct a widespread problem of documents not being filed and improper filing fees imposed, or that he has a policy of not filing documents naming him as a defendant and allowing the imposition of imposing improper filing fees. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).